[No. 9886.    Department Two. — May 10, 1888.]

C. G. HOOKER, RESPONDENT, *v.* PINCUS BANNER
ET AL., APPELLANTS.

LESSOR AND LESSEE — SUCCESSIVE LEASES — COVENANT BY LESSEE TO RE-
    STORE ALTERATIONS. — A lessee of a building during the term made
    certain alterations in the building, with the consent of the lessor.    Prior
    to the·expiration of the term, the parties entered into a new lease, to
    take effect upon the expiration of the former.    This lease contained a
    provision to the effect that any alterations or changes made in the prop-
    erty by the lessees should be replaced, and the property left in its origi-
    nal condition.    At the expiration of the second lease, the parties entered
    into a third, which contained a similar provision.    *Held*, that upon the
    expiration of the third lease, the lessee was obliged to restore the prem-
    ises to the original condition in which they were while holding under·
    the first lease.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion of the court.

*Naphtaly, Freidenrich & Ackerman,* for Appellants.

The occupation by the lessees under the last lease was a surrender of the premises under the former leases, and extinguished all obligations arising under the former leases. (*Marks* v. *Ryan,* 63 Cal. 107; *Abell* v. *Williams,* 3 Daly, 17; *McDonnell* v. *Pope,* 9 Hare, 705; *Livingston* v. *Potts,* 16 Johns. 28; *Sperry* v. *Miller,* 8 N. Y. 336; *Mc-Kenzie* v. *Farrell,* 4 Bosw. 192; *Shepard* v. *Spaulding,* 4 Met. 416; *Merritt* v. *Judd,* 14 Cal. 69; *Hill* v. *Beatty,* 61 Cal. 292; *Kutter* v. *Smith,* 2 Wall. 491; *Watriss* v. *National Bank,* 124 Mass. 571.)

*John H. Dickinson,* for Respondent.

SHARPSTEIN, J.—The appellants were lessees of the respondent, under a lease which contained a stipulation that they should not make any alteration in the premises without the consent of the lessor. During the continuance of the lease, the lessor gave the lessees permission to make some alterations on condition that the lessees, upon leaving the premises, would restore them to their original condition. Pursuant to said permission, the lessees did make such alterations as they had obtained permission to make upon the aforesaid condition. Before the expiration of said lease, appellants procured another lease, to take effect on the expiration of the former. The second lease contained the following clause: "And any alteration or changes made in the property by the parties of the second part shall be replaced, and the property left in its original condition." At the expiration of the last-mentioned lease another was executed between the parties, containing the clause last above quoted. Appellants continued to occupy the premises until the expiration of the last-mentioned lease, and for one month thereafter, when they abandoned the premises without restoring them to the condition they were in at the date of the first lease, and refused so to

restore them, although requested by respondent to do so, whereupon plaintiff restored them to their original condition himself, and brings this action to recover the sum expended in doing so, and the damages sustained by the loss of the use of the premises while the same were being so restored.

Judgment was entered in favor of respondent, and from that, and an order denying appellant's motion for a new trial, they have appealed to this court.

Their contention here is, that if they made the alterations upon the condition that they would restore the premises to their original condition, such alterations being made before the expiration of the first lease, they took the premises under the second and subsequent lease in the condition in which they were at the dates of said leases, respectively, and were only bound to leave them in the condition in which they were at said respective dates; and that the clause in the later leases, which provided that any alterations or changes made in the property by them should be replaced, and the property left in its original condition, does not relate back to the date of the first lease.

In view of the fact that the alteration and changes were made under an agreement by appellants that they would restore the premises to their original condition, we think the clause in the leases which succeeded the first had reference to alterations and changes made while appellants were holding under the first lease, and that the judgment and order should be affirmed.

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.